2005 OK CIV APP 41

Brian McGHEE, Plaintiff/Appellant,

v.

NEWSPAPER HOLDINGS, INC., Defendant/Appellee.

No. 101,219.

Court of Civil Appeals of Oklahoma, Division No. 3.

March 17, 2005.

Certiorari Dismissed May 31, 2005.

Phillip O. Watts, Watts & Watts, Oklahoma City, Oklahoma, for Plaintiff/Appellant.

Michael Minnis, David McCullough, Doerner, Saunders, Daniel & Anderson, L.L.P., Oklahoma City, Oklahoma, for Defendant/Appellee.

## OPINION

Opinion by LARRY JOPLIN, Presiding Judge.

¶ 1 Brian McGhee, Plaintiff/Appellant, appeals from the trial court's grant of summary judgment in favor of Newspaper Holdings, Inc. (NHI), Defendant/Appellee, in Plaintiff's action for libel. For the reasons set forth below, we affirm.

¶ 2 Plaintiff's wife, Cynthia, was employed by a law firm from which she embezzled nearly $250,000.00. On June 18, 2002, the law firm sued both Cynthia and Plaintiff in an effort to recover the embezzled money. The law firm's petition alleged Cynthia used the money to purchase or acquire equity in property held in her own name, in Plaintiff's name, or both. The petition also sought a court order enjoining Cynthia and Plaintiff from removing or disposing of any such property.

¶ 3 On June 23, 2002, THE EDMOND SUN published a report about the filing of the civil lawsuit. THE EDMOND SUN is a daily newspaper owned by NHI. The headline of the article stated, "Husband, wife charged with embezzlement." The article then began as follows:

An area husband and wife have been named as defendants in a civil lawsuit filed by an Oklahoma City law firm.

R. Brian and Cynthia McGhee are being sued by Burch & George, P.C. for embezzlement from the law firm.

Cynthia McGhee was an employee of the firm [at] the time the funds allegedly were embezzled.

The article explained that funds taken from the firm were used to buy real or personal property and quoted the law firm's attorney as saying no criminal charges had been filed against either defendant. The record reveals Cynthia McGhee was subsequently charged with and convicted of embezzlement. Plaintiff was never charged with any crime.

¶ 4 Plaintiff filed the instant libel action against NHI asserting the article defamed him. Specifically, Plaintiff contended the article falsely stated he had been charged with the crime of embezzlement. NHI answered and moved for summary judgment arguing that because the article accurately reported the gist of the civil law suit, the publication was privileged as an accurate report of a judicial proceeding. The trial court apparently agreed and granted summary judgment for NHI. From said judgment, Plaintiff appeals. The matter stands submitted without appellate briefs on the trial court record. *See* Rule 1.36, *Oklahoma Supreme Court Rules*, 12 O.S.2001, Ch. 15, App.

¶ 5 Summary judgment is proper when the evidentiary materials "establish that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Shelley v. Kiwash Elec.*

*Co-op., Inc.*, 1996 OK 44, ¶ 15, 914 P.2d 669, 674. This Court's standard of review of a trial court's grant of summary judgment is *de novo*. *Hoyt v. Paul R. Miller, M.D., Inc.*, 1996 OK 80, ¶ 2, 921 P.2d 350, 351–52.

¶ 6 The privilege encompassed in 12 O.S.2001 § 1443.1 [1] protects from civil liability the publication of an accurate account of judicial, legislative or other proceedings authorized by law. *Gaylord Entertainment Co. v. Thompson*, 1998 OK 30, ¶ 28, 958 P.2d 128, 143–4. The statute provides "the media with a complete defense to libel on matters pertaining to official proceedings." *Id.* at ¶ 29, 958 P.2d at 145. "[W]here the circumstances of a publication are not in dispute, the issue of whether the publication was privileged under section 1443.1 is a question of law for the court." *Price v. Walters*, 1996 OK 63, ¶ 26, 918 P.2d 1370, 1375. In the present case, there is no dispute regarding "the content of the publication, who made it and what it was about." *Crittendon v. Combined Communications Corp.*, 1985 OK 111, ¶ 9, 714 P.2d 1026, 1028. Thus, the issue of privilege is a pure question of law.

¶ 7 Citing *Cobb v. Oklahoma Pub. Co.*, 1914 OK 69, 140 P. 1079, Plaintiff asserts a publication is not privileged if it falsely imputes crime to the allegedly defamed party. In this case, Plaintiff argues the article did not merely impute he was involved in a crime, "it reported that he had actually been charged with the crime of embezzlement." The plain text of the article belies Plaintiff's argument. The first sentence of the article declared a husband and wife were named as defendants in a *civil lawsuit*. The article also specifically stated Plaintiff had not been charged with any crime.

¶ 8 "The publication of defamatory matter concerning another in a report of an official action or proceeding or of a meeting open to the public that deals with a matter of public concern is privileged if the report is accurate and complete or a fair abridgement of the occurrence reported." *Wright v. Grove Sun Newspaper Co., Inc.*, 1994 OK 37, ¶ 8, 873 P.2d 983, 989, *quoting* RESTATEMENT (SECOND) OF TORTS § 611 (1977) (emphasis omitted). In *Crittendon*, the Supreme Court stated:

> The majority of jurisdictions, have adopted the position of the Restatement (Second) of Torts § 611, Comment f (1977) that provides it is unnecessary that a report be "exact in every immaterial detail or that it conform to that precision demanded in technical and scientific reporting. It is enough that it conveys to the persons who read it a substantially correct account of the proceedings."

*Crittendon*, 1985 OK 111 at ¶ 15, 714 P.2d at 1029 (footnote omitted). "It is not necessary to establish the literal truth of the precise statement made. Slight inaccuracies of expression are immaterial provided that the defamatory charge is true in substance." *Price*, 1996 OK 63 at ¶ 33, 918 P.2d at 1376, *quoting* RESTATEMENT (SECOND) OF TORTS § 581A, comment (f). "A statement is substantially accurate if its 'gist' or 'sting' is true, that is, if it produces the same effect on the mind of the recipient which the precise truth would have produced." *Crittendon* at ¶ 15, 714 P.2d at 1029, n. 2, *quoting Williams v. WCAU–TV*, 555 F.Supp. 198, 202 (E.D.Penn.1983).

¶ 9 It is apparent Plaintiff's law suit is premised upon the article's headline, rather than its text. We first note the headline did not mention Plaintiff by name. Furthermore, as NHI correctly asserts, the word "charged" does not necessarily mean

---

1. Section 1443.1 provides:

Privileged communication defined-
Exemption from libel

A. A privileged publication or communication is one made:

First. In any legislative or judicial proceeding or any other proceeding authorized by law;

Second. In the proper discharge of an official duty;

Third. By a fair and true report of any legislative or judicial or other proceeding authorized by law, or anything said in the course thereof, and any and all expressions of opinion in regard thereto, and criticisms thereon, and any and all criticisms upon the official acts of any and all public officers, except where the matter stated of and concerning the official act done, or of the officer, falsely imputes crime to the officer so criticized.

B. No publication which under this section would be privileged shall be punishable as libel.

"charged with a crime." The term "charge" has numerous definitions, including "[t]o hold [one] financially liable." THE AMERICAN HERITAGE DICTIONARY 259 (2nd College ed.1985). Finally, any possible ambiguity concerning the use of the term "charged" was removed before Plaintiff was ever identified in the article. As previously set forth, the article specified Plaintiff was named as a defendant "in a civil lawsuit" and he was not charged with any crime.

¶ 10 We hold the article at issue is accurate and complete. It conveys a substantially correct account of the substance of the law firm's civil pleading against Plaintiff and his wife. Accordingly, we conclude the article was privileged under § 1443.1 as a fair and true report of the proceedings. The judgment of the trial court is AFFIRMED.

¶ 11 AFFIRMED.

HANSEN, J., and BUETTNER, C.J., concur.